

United States Court of Appeals
Fifth Circuit

# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

**F I L E D**

October 25, 2012

Lyle W. Cayce
Clerk

No. 11-31073

D.C. Docket No. 2:08-CV-3616

JULIE DEMAHY,

  Plaintiff - Appellant

v.

SCHWARZ PHARMA, INCORPORATED; ACTAVIS, INCORPORATED,
Individually and as Successor in Interest of Purepac Pharmaceutical
Company; WYETH, Individually and as Successor-in-Interest of A.H. Robins
Company, Incorporated,

  Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by
counsel.

It is ordered and adjudged that the judgment of the District Court is
affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendants-
appellees the costs on appeal to be taxed by the Clerk of this Court.

A True Copy
Attest

ISSUED AS MANDATE:   DEC 1 7 2012

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _Sabrina B. Short_

Deputy   DEC 1 7 2012

New Orleans, Louisiana

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 25, 2012

No. 11-31073

Lyle W. Cayce
Clerk

JULIE DEMAHY,

Plaintiff-Appellant

v.

SCHWARZ PHARMA, INCORPORATED; ACTAVIS, INCORPORATED,
Individually and as Successor in Interest of Purepac Pharmaceutical
Company; WYETH, Individually and as Successor-in-Interest of A.H. Robins
Company, Incorporated,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-3616

Before BENAVIDES, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this case, Plaintiff-Appellant Julie Demahy ("Demahy") appeals the
district court's denial of two motions: a motion for relief from judgment as to
Defendants-Appellees Wyeth, Inc. ("Wyeth") and Schwarz Pharma, Inc.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 11-31073

("Schwarz"), makers of the prescription drug metoclopramide under the brand name Reglan, and a motion to set aside judgment as to Defendant-Appellee Actavis, Inc. ("Actavis"), a manufacturer of a generic version of metoclopramide. We find that the district court was correct in denying the motions and, accordingly, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

This case stems from Plaintiff-Appellant Demahy's use of generic metoclopramide. The Food and Drug Administration ("FDA") approved Reglan for use in 1980 and generic metoclopramide has been produced by a number of generic manufacturers since 1985, including by Actavis. Wyeth acquired the rights to name-brand Reglan in 1989 and it manufactured Reglan until 2001, when it sold the rights to Schwarz. Schwarz manufactured name-brand Reglan until 2008, when it sold the rights to Alaven Pharmaceutical LLC.

In 1985, the FDA required that metoclopramide's label be updated to include a warning about the risk of tardive dyskinesia, an often irreversible neurological disorder, and Actavis updated its label to include these warnings. In 2004, the FDA approved the name-brand manufacturer's requested change to the Reglan label, adding a warning that Reglan should not be used for more than twelve weeks. In 2009, the FDA issued a black-box warning—its strongest warning—stating that treatment with metoclopramide can cause tardive dyskinesia, and treatment "for longer than 12 weeks should be avoided in all but rare cases." *Pliva, Inc. v. Mensing*, 131 S. Ct. 2567, 2573 (2011) (quoting Physician's Desk Reference 2902 (65th ed. 2011)).

On April 28, 2008, Demahy filed the current suit in state court for damages against Wyeth, Schwarz, and Actavis. The complaint sought damages that Demahy allegedly suffered due to her use of generic metoclopramide from 2002 to 2007, asserting a variety of tort claims under Louisiana law. Demahy alleges that her use of metoclopramide manufactured by Actavis caused her to

2

develop tardive dyskinesia. On June 2, 2008, the Defendants-Appellees removed the case to the Eastern District of Louisiana based on diversity of citizenship.

On July 25, 2008, Demahy, Wyeth, and Schwarz jointly moved to dismiss the claims against Wyeth and Schwarz without prejudice, and the district court granted the motion on July 28, 2008. On July 29, 2008, Actavis filed a motion to dismiss all of the claims against it under Federal Rule of Civil Procedure 12(b)(6), arguing that all of Demahy's claims were preempted by federal law. The district court denied the motion on October 28, 2008, and on interlocutory appeal, this Court affirmed the district court's decision on January 8, 2010. *Demahy v. Actavis, Inc.*, 593 F.3d 428 (5th Cir. 2010).

On June 23, 2011, the Supreme Court reversed this Court's decision, holding that state laws that would require generic manufacturers to change a drug's label are preempted by federal law based on impossibility preemption, which asks "whether the private party could independently do under federal law what state law requires of it." *Mensing*, 131 S. Ct. at 2579. Specifically, because federal law requires generic drug labels to be the same as name-brand labels, state laws requiring generic metoclopramide manufacturers to attach a safer label to their product are preempted by the federal law. *Id.* at 2578. Justice Thomas, writing for the majority, recognized that the Court's decision dealt the plaintiffs an "unfortunate hand," because if they had taken Reglan, "their lawsuits would not be pre-empted. But because pharmacists, acting in full accord with state law, substituted generic metoclopramide instead, federal law pre-empts these lawsuits." *Id.* at 2581. The Supreme Court remanded the case to this Court, and this Court remanded the case to the district court with instructions to enter judgment in favor of Actavis. On August 30, 2011, the district court entered judgment in favor of Actavis and dismissed Demahy's suit with prejudice.

No. 11-31073

After the entry of judgment, Demahy filed two motions before the district court.  First, on September 28, 2011, Demahy filed a motion under Federal Rule of Civil Procedure 60(b)(5), requesting that the district court grant her relief from its July 28, 2008 order dismissing Wyeth and Schwarz.  Second, on September 29, 2011, Demahy filed a motion under Federal Rule of Civil Procedure 59(e), or alternatively Rule 52(b) or 60(b)(6), asking the district court to amend its judgment of dismissal as to Actavis.  On October 14, 2011, the district court denied both of these motions in a single order, stating that the mandate of this Court instructed dismissal of all of Demahy's claims and entry of judgment in favor of Actavis, and that it was bound by these instructions pursuant to the "mandate rule." *Demahy v. Wyeth Inc.*, No. 08-3616, 2011 WL 5056987, at *1 (E.D. La. Oct. 14, 2011).  This timely appeal followed.

## STANDARD OF REVIEW

This Court reviews an order denying a motion for relief under Federal Rule of Civil Procedure 60(b) for an abuse of discretion.  *Frazar v. Ladd*, 457 F.3d 432, 435 (5th Cir. 2006).  We also review a denial of a Rule 59(e) motion to amend a judgment for an abuse of discretion.  *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 419 (5th Cir. 2010).  We review de novo whether a district court accurately interpreted and applied the directives of an appellate court's mandate.  *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

## ANALYSIS

In her appeal of the district court's denial of her Rule 60(b)(5) motion to reinstate her claims against Wyeth and Schwarz, Demahy argues that she should be granted relief because the *Mensing* decision significantly altered case law providing that name-brand manufacturers could not be held liable for damages suffered from using a generic manufacturer's products.  With respect to her Rule 59(e) motion, Demahy argues that the district court incorrectly

4

No. 11-31073

interpreted this Court's mandate directing dismissal of Demahy's claims against Actavis, and thus erred in denying Demahy's motion to amend the court's judgment of dismissal. We consider Demahy's arguments in turn.

1.      Claims Against Wyeth and Schwarz (Name-Brand Defendants)[1]

Because it was filed within the relevant time period, we consider Demahy's Rule 60(b)(5) motion as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e).[2] Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).[3] A motion under Rule 59 cannot be used

---

[1] It is notable that, although Demahy's claims against Wyeth and Schwarz were dismissed without prejudice, thus giving the district court jurisdiction over and power to modify its order of dismissal until a final judgment was issued, *see Stoffels v. SBC Commc'ns, Inc.*, 677 F.3d 720, 726–728 (5th Cir. 2012), this Court has jurisdiction over the claims because we find that they were subject to the final judgment issued by the district court on August 30, 2011 following remand from this Court. Wyeth and Schwarz are not specifically mentioned in the actual entry of judgment, but in circumstances in which a court order is ambiguous as to what parties and claims are being disposed of, and where "the district court clearly intend[ed] to effect a final dismissal of a claim, we will construe its order accordingly, despite ambiguous language that might indicate otherwise." *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 849 n.4 (5th Cir. 1990).

[2] A motion asking the court to reconsider a prior ruling is evaluated either as a motion to "alter or amend a judgment" under Rule 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed. *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60. *Id.* Here, the relevant motion was filed within the applicable twenty-eight day time frame, and we thus consider it as a motion to amend the judgment under Rule 59(e).

[3] Because the district court, in denying Demahy's 60(b)(5) motion, relied on the mandate from this Court, it would also be possible to review the district court's dismissal under the mandate rule, as discussed below with respect to the claims against Actavis. This distinction is inconsequential, however, since the test for deciding whether a court may deviate from a mandate is the same as the test for amending a judgment under Rule 59(e). *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (describing same three scenarios under

to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

The only ground for amending the judgment under Rule 59(e) that potentially applies in this case is an intervening change in the controlling law. The Louisiana Products Liability Act ("LPLA") provides that it is the exclusive remedy for products liability suits, stating that "[a] claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter." La. Rev. Stat. Ann. § 9:2800.52. Under the LPLA, recovery is not available against a manufacturer if the manufacturer did not produce the offending product. *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002) (stating that an element of an LPLA claim is "that the defendant is a manufacturer of the product"). Thus, according to pre-*Mensing* Louisiana caselaw, Demahy's claims against Wyeth and Schwarz fail because they did not manufacture the medication she actually consumed. *See also Washington v. Wyeth, Inc.*, No. 3:09-CV-01343, 2010 WL 450351, at *2 (W.D. La. Feb. 8, 2010) (finding that similar claims fail under LPLA because defendant did not manufacture products); *Possa v. Eli Lilly & Co.*, No. 05-1307-JJB-SCR, 2006 WL 6393160, at *1 (M.D. La. May 10, 2006) (same).[4]

---

which departure from mandate is permissible).

[4] Demahy argues that the LPLA, which provides that a manufacturer is "a person or entity who is in the business of manufacturing a product for placement into trade or commerce," La. Rev. Stat. Ann. § 9:2800.53, does not apply to her claims because Wyeth and Schwarz are not "manufacturers," given that they have no connection to the product she actually consumed. This argument is unavailing. The vast majority of decisions have held that the LPLA broadly applies to all suits involving injuries from products, and these decisions rejected the argument that common law tort claims can still be brought for injuries stemming from products under facts nearly identical to those in the current case. *See Cooper v. Wyeth*, No. 09-CV-929, 2010 WL 4318816, at *2 (M.D. La. Oct. 26, 2010); *Johnson v. TEVA Pharma. USA, Inc.*, No. 2:10-CV-404, 2010 WL 3271934, at *1–3 (W.D. La. Aug. 16, 2010); *Craig v. Pfizer*, No. 3:10-00227, 2010 WL 2649545, at *2–4 (W.D. La. May 26, 2010); *Washington v. Wyeth, Inc.*, No. 3:09-CV-01343, 2010 WL 450351, at *2 (W.D. La. Feb. 8, 2010); *Morris v.*

No. 11-31073

In deciding whether an amendment to the judgment is warranted, we must therefore determine whether the decision in *Mensing* altered Louisiana tort law as it applies to the claims against Wyeth and Schwarz. Demahy argues that Louisiana cases holding that her claims against name-brand manufacturers cannot be brought have been overruled by the Supreme Court's decision in *Mensing*. According to Demahy, *Mensing* undermined the logic of the Fourth Circuit's decision in *Foster v. American Home Products Corp.*, 29 F.3d 165 (4th Cir. 1994), which she argues is a foundation of the Louisiana decisions ruling that a party cannot be liable for damages resulting from use or consumption of a product they did not manufacture. *See, e.g., Stanley v. Wyeth, Inc.*, 991 So. 2d 31, 34 (La. App. 1 Cir. 2008) (favorably citing *Foster* and other cases).

In *Foster*, the Fourth Circuit, construing Maryland law, rejected the argument "that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." 29 F.3d at 170. The *Foster* court rejected claims nearly identical to those brought in this suit, holding that the duty of care does not extend to third parties. *Id.* at 171. The court also stated in dicta that plaintiffs could sue the generic manufacturers who the court believed were "also permitted to add or strengthen warnings and delete misleading statements on labels, even without

---

*Wyeth, Inc.*, No. 09-0854, 2009 WL 4064103, at *2–5 (W.D. La. Nov. 23, 2009); *Leblanc v. Wyeth, Inc.*, No. Civ.A.04-0611, 2006 WL 2883030, at *3–6 (W.D. La. Oct. 5, 2006); *Tarver v. Wyeth, Inc.*, No. Civ.A.3-04-2036, 2006 WL 1517546, at *2–3 (W.D. La. Jan. 26, 2006).

    In one notable exception, a Louisiana Court of Appeals stated in a footnote that a negligent misrepresentation claim brought against a non-manufacturing name brand is not covered by the LPLA. *Stanley v. Wyeth, Inc.*, 991 So. 2d 31, 33 n.2 (La. App. 1 Cir. 2008). Nonetheless, the court rejected the claim under general tort law on the grounds that there is no duty of care owed by name-brand manufacturers to consumers of generic products. *Id.* at 32–35. Although we need not reach the issue, this case illustrates the fact that, under this view, even if the LPLA did not apply, Demahy's tort claims would fail since Wyeth and Schwarz did not manufacture the generic product giving rise to Demahy's claims, and thus owed Demahy no duty of care. A number of federal district court decisions applying Louisiana state law have held the same. *See, e.g., Johnson*, 2010 WL 3271934, at *1–3; *Craig*, 2010 WL 2649545, at *2–4; *Tarver*, 2006 WL 1517546, at *2–3.

prior FDA approval." *Id.* at 170. In *Mensing*, however, the Supreme Court held that generic manufacturers could not alter the labeling on their own and that failure-to-warn claims against generic manufacturers are preempted on impossibility grounds. 131 S. Ct. at 2577–78. According to Demahy, *Foster's* holding that plaintiffs cannot recover against name-brand manufacturers is no longer valid because it was premised on the now-rejected notion that plaintiffs could simply recover from generic manufacturers.

We do not view *Mensing* as overruling *Foster* because the court in *Foster* did not reach its holding by relying on the ability of a plaintiff to sue generic manufacturers. Instead, the court's holding was based on its interpretation of Maryland law and the conclusion that a name-brand manufacturer has no duty of care to consumers that are not using the manufacturer's product. *Foster*, 29 F.3d at 171–72; *see also Smith v. Wyeth*, 657 F.3d 420, 423–24 (6th Cir. 2011) (following *Foster's* conclusion that name-brand manufacturers have no duty to generic-brand consumers). The *Foster* court's opinion in dicta on the viability of suits against generic manufacturers was proved wrong, but this fact does not impose on name-brand manufacturers a duty of care to customers using generic products. Likewise, decisions that relied upon *Foster* to create a similar rule in Louisiana remain valid.

Moreover, even were we of the view that *Mensing* undermined *Foster*, the implicit reversal of a Fourth Circuit decision about Maryland law would have no effect on Louisiana law. *See Morris*, 2011 WL 4975317, at *1–3 (stating that *Foster's* continued validity has no effect on Louisiana law because "any finding that *Mensing* upsets *Foster* would apply [only] to Maryland state law claims"). This Court is bound by Louisiana law and we cannot create a new remedy. *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1089 (5th Cir. 1992) (per curiam) (stating that the court is bound to apply state law "as it currently exists[] and may not change that law or adopt innovative theories of recovery"). Thus,

8

No. 11-31073

because the Supreme Court's decision in *Mensing* had no effect on Louisiana state law, the district court's denial of Demahy's motion to amend the judgment under Rule 59(e) was not an abuse of discretion.

2. Claims Against Actavis (Generic Defendant)

Regarding the district court's dismissal of her claims against Actavis and its denial of her Rule 59(e) motion to alter or amend judgment on those claims, Demahy argues that the district court failed to correctly interpret this Court's mandate directing dismissal of Demahy's claims against Actavis. The law of the case doctrine posits that ordinarily "an issue of fact or law decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002) (quotation marks omitted). The "mandate rule" is a "specific application of the general doctrine of law of the case." *Id.* It "provides that a lower court on remand must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* (quotation marks omitted); *see also LULAC v. City of Boerne*, 675 F.3d 433, 438 (5th Cir. 2012) ("It is well established that 'an inferior court has no power or authority to deviate from the mandate issued by an appellate court.'" (quoting *Briggs v. Penn. R.R.*, 334 U.S. 304, 306 (1948))). The mandate rule and the law of the case have the same exceptions: "(1) [t]he evidence at a subsequent trial is substantially different; (2) there has been an intervening change of law by a controlling authority; and (3) the earlier decision is clearly erroneous and would work a manifest injustice." *Id.* at 657. In these circumstances, a court can revisit previously-decided matters, or a district court can exceed a mandate on remand. *See United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004).

Demahy argues that Actavis's appeal of the district court's denial of Actavis's July 29, 2008 motion to dismiss "was limited only to consideration of

No. 11-31073

failure to warn claims that required a manufacturer to provide a warning that was different or in addition to the warnings appearing in the label for the brand-name version of the drug." Br. of Pl.-Appellant Julie Demahy at 16 (Feb. 6, 2012) [hereinafter Appellant Br.]. She therefore states that her other claims "could not have been encompassed within this Court's direction to the lower court to enter judgment in favor of Actavis." *Id.* at 17 (emphasis and quotation marks omitted).[5]  Consequently, she argues that "the district court committed reversible error when it dismissed all of plaintiff's claims under its interpretation of the mandate." *Id.* at 17.

As set out above in the factual history, Actavis's July 29, 2008 motion to dismiss sought "to dismiss *all* of Plaintiff's claims asserted against it based on federal conflict preemption principles." Mot. to Dismiss of Def. Actavis Inc. at 1, *Demahy v. Wyeth Inc.*, 2011 WL 5056987 (E.D. La. Oct. 14, 2011) (No. 08-3616) (emphasis added).  The district court granted Actavis's motion as to Demahy's fraud-on-the-FDA claim, but denied it as to her failure-to-warn claims. *Demahy v. Wyeth Inc.*, 586 F. Supp. 2d 642, 662 (E.D. La. 2008).  Therefore, it is clear that the district court viewed Demahy as having asserted only two types of claims.  This Court affirmed the district court's denial of Demahy's motion to dismiss the failure-to-warn claims, *Demahy*, 593 F.3d at 449, but the Supreme Court reversed, finding that state-law failure-to-warn claims against generic drug manufacturers are preempted by federal law, *Mensing*, 131 S. Ct. at 2581. This Court then vacated the district court's order denying in part the motion to dismiss, and it remanded for the entry of judgment in favor of Actavis. *Demahy v. Actavis, Inc.*, 650 F.3d 1045, 1046 (5th Cir. 2011).  Accordingly, the district

---

[5] According to Demahy, those "other claims" are "(1) failure to warn claims that did not require the manufacturer to add to or differ its warnings from those appearing in the label of its brand-name counterpart; (2) claims arising under the LPLA for manufacturing defect, design defect, and breach of express warranties; (3) claims under the [Louisiana Unfair Trade Practices Act]; and (4) other claims arising from traditional tort concepts[.]" *Id.* at 16–17.

10

court granted "judgment in favor of Defendant, Actavis, Inc. and against Plaintiff, Julie Demahy, dismissing the Plaintiff's suit with prejudice[.]" *Demahy v. Wyeth, Inc.*, No. 08-3616, 2011 WL 5505399, at *1 (E.D. La. Aug. 30, 2011).

Demahy argues that the mandate addressed only her failure-to-warn claims, and states that "[n]o court has considered the arguments raised in Plaintiff's Rule 59 Motion[.]" Appellant Br. at 25 (emphasis omitted). While it is true that the mandate addressed only her failure-to-warn claims, that is simply because, at the time this Court issued the mandate, Demahy's only remaining claims had been characterized by the district court, this Court, and the Supreme Court as failure-to-warn claims. The mandate plainly vacated the district court's order allowing Demahy's failure-to-warn claims to go forward, and directed the district court to grant judgment in favor of Actavis. Once the district court had complied, and entered judgment in favor of Actavis on those claims, Demahy had no claims remaining because the district court had previously granted Actavis's motion to dismiss her fraud-on-the-FDA claims. With no claims remaining other than her failure-to-warn claims, the district court could not grant Demahy's motion to alter or amend its judgment without being in derogation of the mandate rule. Thus, because it accurately interpreted and applied the mandate, we find that the district court was correct in both dismissing Demahy's claims against Actavis and denying her Rule 59(e) motion.

Since we hold that the mandate was not in error and the district court correctly followed the mandate, we need not reach the merits of Demahy's allegedly non-failure-to-warn claims. Nonetheless, even if we were to find that these claims survived the mandate, or if we were to accept Demahy's assertion that the mandate was "erroneous," Mem. of Law in Supp. of Pl.'s Mot. to Amend and/or Alter J. at 1, *Demahy v. Wyeth Inc.*, 2011 WL 5056987 (E.D. La. Oct. 14,

2011) (No. 08-3616),[6] we would still affirm the district court insofar as the claims are, at base, failure-to-warn claims, which would be preempted in light of *Mensing*. Based on Demahy's complaint, the only claims that are arguably not failure-to-warn claims are those for breach of express warranty, R. at 524, and for design defect, R. at 526. Since her express warranty claim names only Wyeth, the only possible non-failure-to-warn claim Demahy has stated against Actavis is for design defect. Post-*Mensing*, however, a seeming majority of federal district courts to consider other state-law tort claims have found them to be preempted based on the fact that the plaintiffs' claims are failure-to-warn claims under different names.[7] In addition, other courts have specifically held plaintiffs' design defect claims against generic metoclopramide manufacturers to be preempted based on *Mensing*.[8] The result is that, with few exceptions, *see, e.g., Cooper v. Wyeth, Inc.*, No. 09-929-JJB, 2012 WL 733846, at *1 (M.D. La. Mar. 6, 2012), courts have held that state-law tort claims against generic drug

---

[6] We may "recall or reform" a previous mandate "to prevent injustice." *Nat'l Sur. Corp. v. Charles Carter & Co.*, 621 F.2d 739, 741 (5th Cir. 1980); *see also* 5th Cir. R. 41.2, ("Once issued a mandate will not be recalled except to prevent injustice."). If the Court finds that Demahy has viable claims that survive *Mensing*, and that it would work injustice to prevent those claims from being heard, it could reform the previously-issued mandate to direct the district court to hear those claims.

[7] *See, e.g., Strayhorn v. Wyeth Pharm., Inc.*, 2012 WL 3261377, at *14 (W.D. Tenn. Aug. 8, 2012); *Metz v. Wyeth LLC*, No. 8:10-CV-2658-T-27AEP, 2012 WL 1058870, at *2–7 (M.D. Fla. Mar. 28, 2012); *Moretti v. PLIVA, Inc.*, No. 2:08-CV-00396-JCM, 2012 WL 628502, at *5–6 (D. Nev. Feb. 27, 2012); *Morris v. Wyeth, Inc.*, No. 09-0854, 2012 WL 601455, at *5 (W.D. La. Feb. 23, 2012); *Bartoli v. APP Pharms., Inc. (In re Pamidronate Prods. Liab. Litig.)*, 842 F. Supp. 2d 479, 485 (E.D.N.Y. 2012); *Gross v. Pfizer, Inc.*, 825 F. Supp. 2d 654, 658 (D. Md. 2012); *Del Valle v. PLIVA, Inc.*, No. B:11-113, 2011 WL 7168620, at *5 (S.D. Tex. Dec. 21, 2011); *Fullington v. PLIVA, Inc.*, No. 4:10-CV-00236-JLH, 2011 WL 6153608, at *5 (E.D. Ark. Dec. 12, 2011).

[8] *See, e.g., Aucoin v. Amneal Pharma., LLC*, No. 11-1275, 2012 WL 2990697, at *9 (E.D. La. July 20, 2012); *Johnson v. Teva Pharm. USA, Inc.*, No. 2:10-CV-404, 2012 WL 1866839, at *4 (W.D. La. May 21, 2012); *Eckhardt v. Qualitest Pharm. Inc.*, No. M-11-235, 2012 WL 1511817, at *7 (S.D. Tex. Apr. 30, 2012); *Stevens v. Pliva, Inc.*, No. 6:10-0886, 2011 WL 6224569, at *2 (W.D. La. Nov. 15, 2011).

No. 11-31073

manufacturers, including design defect claims, are preempted after *Mensing*. Thus, although unnecessary for the disposition of this case, we are persuaded that Demahy's design defect claim would be preempted.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Demahy's motion to set aside judgment as to Actavis and her motion for relief from judgment as to Wyeth and Schwarz.

AFFIRMED.